## Reconsideration of County School Plans

ELMER T. BOLLA, Deputy Attorney General, THOMAS D. McBRIDE, Attorney General, September 20, 1957.— You have requested our opinion on whether the State Council of Education may reconsider and revoke its prior approval of a county plan without such reconsideration and revocation being requested by the county board of school directors. No specific facts are stated in your memorandum requesting this advice. Therefore, we shall consider the question in all of its aspects.

The phrase "county plan" is nowhere defined in the statutes of the Commonwealth. However, it appears in section 2576 of the Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS §25-2576, in reference to approval by the Department of Public Instruction of leases between a school district and the State Public School Building Authority and of payments by the school district of certain charges for school buildings. Approval is to be given if the project being considered: ". . . is in conformance with county-wide plans prepared by the county board of school directors and approved by the State Council of Education for the orderly development of improved attendance areas and administrative units and for the improved housing of public schools in the Commonwealth . . .".

This use of the phrase appears to be directly connected to sections 261 and 262 and sections 733 to 735 of the code relating to review and approval or disapproval by the council of plans submitted by county boards of school directors for the merger of school districts and for the reorganization of administrative units and attendance areas and to the establishment by the council of standards for the construction, heating and ventilation of public school buildings.[1] Thus,

[1] Under sections 262 and 925(5) of the Public School Code of March 10, 1949, P. L. 30, 24 PS §§2-262 and 9-925(5), the county board of school directors is required to submit such plans.

your question specifically appears to refer to the council's power of review under sections 261 and 262 and whether approval, once given, can be reconsidered and revoked.

It should be noted that once the council has approved such plans submitted by a county board of school directors, the latter group is to present petitions for merger to the court of common pleas of the county and to request therein submission of the question of merger to the electors of each affected school district: Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS §2-263.

Nothing in existing law prohibits the council from reconsidering a plan. However, since a definite statutory procedure exists which contemplates submission to the electorate after approval of the council is once given, it is our opinion that reconsideration cannot be had after approval of the plan by the electorate. At this point the action of the council has become fixed for the plan is to become effective on the first Monday in July succeeding the election. This statutory provision would be nullified were the council able to reconsider and effectually disapprove a plan.[2]

You are advised, therefore, as follows: (1) The State Council of Education may, without being so requested by the county board of school directors, reconsider and either reapprove or disapprove a "county plan" which it had previously approved to the extent that all or part of such plan has not been approved by the electorate

---

[2] We do not pass upon the problem presented where, after approval by the electorate and either before or after effectuation, the plan is partially or wholly voided by statute or court decision. It is doubtful whether the council would have reason to reconsider on its own initiative since, practically speaking, nothing would be before it. Probably, the county board would have to initiate a new plan for consideration.

subsequent to the council's initial approval;[3] (2) to the extent that all or part of a "county plan" has been approved by the electorate following initial approval by the council, it cannot be reconsidered by the council.

[3] By the phrase "all or part of such plan" we refer to the ineffectiveness of a merger as to school districts wherein a majority of the electors have not assented to the merger.